The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, in an executed Pre-Trial Agreement dated December 28, 1992, in an Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on December 10, 1991, and in an Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on December 10, 1991, as
STIPULATIONS
1. On September 1, 1991 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
2. At such time, Amerisure Insurance Company was the carrier on the risk.
3. Plaintiff's average weekly wage was $286.32 per week, yielding a compensation rate of $190.87.
4. The issues for determination by the Industrial Commission are:
 (a) Whether employee's recurrent disk and treatment related to the original injury.
 (b) Determination of any compensation from May 27, 1992 and medical benefits.
Additionally, medical records and reports from Caldwell Memorial Hospital, Dr. Richard P. Milligan, Dr. H. Grey Winfield, III, Thompson Medical Specialists, P.A., Dr. Mark Marchese, Dr. Timothy Blanchat, Dr. James E. Pugh, and Dr. Kenneth Woods, are received into evidence by stipulation of the parties.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the injury by accident giving rise hereto, plaintiff was 51 years old, a high school graduate and a licensed nurse's assistant. She had been employed by defendant-employer as a health care technician for approximately 12 years. Her duties as a health care technician consisted of providing total patient care and assistance.
2. On September 1, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, when she was grabbed by a 200 pound patient and pulled down into a chair with him, twisting her back.
3. As a result of her injury, plaintiff was initially treated at Caldwell Memorial Hospital Emergency Room, and subsequently seen by Dr. Milligan, Dr. Hollar, a chiropractor, and Dr. H. Grey Winfield, III.
4. As a result of her injury, plaintiff sustained a herniated lumbar disc at L3-L4, biased to the left side, for which Dr. Winfield performed a lumbar discectomy through left-sided approach at L3-L4 on November 19, 1991. On March 11, 1992, plaintiff reached maximum medical improvement from her injury, sustained a ten percent permanent partial disability to the back, and was released by Dr. Winfield to return to work beginning March 23, 1992, at light duty for two months and thereafter full duty, under restrictions of no lifting greater than 10 pounds and limited bending and stooping. Plaintiff returned to light duty work at defendant-employer on March 23, 1992, and performed clerical duties which consisted of typing, xeroxing, answering the telephone, checking code sheets and running errands from one department to another. Approximately one month after plaintiff returned to work on light duty, the duty of filing records and charts was added to her clerical duties, which added duty occasionally required frequent bending, stooping and reaching. During the period of time plaintiff was performing light duty work, she continued to experience pain and burning in her low back and began experiencing tingling and numbness in her left hip, buttock, groin, thigh and leg.
5. On May 20, 1992, plaintiff requested an examination by Dr. Winfield before returning to full duty work with defendant-employer. Due to a misapprehension by the plaintiff, she did not see Dr. Winfield. On May 22, 1992, Dr. Winfield modified plaintiff's restrictions to no lifting greater than 20 pounds and no repetitive movement. A few days thereafter, plaintiff requested of the carrier that she be authorized to receive medical care and treatment from Dr. Mark Marchese, to whom plaintiff was referred from Thompson Medical Specialists, P.A. The carrier did not approve plaintiff's request.
6. Plaintiff first saw Dr. Marchese on June 9, 1992. As a result of the injury by accident giving rise hereto, plaintiff sustained a recurring lumbar disc herniation at L3-L4 on the left side for which Dr. Marchese performed an L3-L4 laminectomy, lysis of epidural adhesions, removal of recurrent far lateral disc herniation, and medial facetectomy L-3 on the left, on June 26, 1992. Plaintiff experienced almost complete relief from her symptoms following the surgery of June 26, 1992, except for occasional pain in her left hip during periods of excessive activity.
7. Dr. Marchese released plaintiff to return to work on August 17, 1992 under the restrictions of lifting no more than 30 pounds and no repetitive bending. At that time, defendant-employer did not have a job for plaintiff within her work restrictions; however, on August 27, 1992 plaintiff was notified by defendant-employer of a monitor technician position coming open in September, 1992, which was within her work restrictions.
8. On September 5, 1992, plaintiff was at home bending and stretching over a table cutting out a cheerleader uniform for her granddaughter, when she raised up and felt a severe pain in her low back. As a result of this incident, Dr. Marchese prescribed rest for one week.
9. On September 17, 1992, plaintiff was scheduled to attend a class on the monitor technician job with defendant-employer. Plaintiff was unable to attend due to the September 5, 1992, incident. Thereafter, Dr. Marchese referred plaintiff to a work hardening program at the workplace.
10. The plaintiff was released from the Workplace and reached maximum medical improvement from the injury by accident giving rise hereto and the September 5, 1992, incident on November 23, 1992, at which time she retained a fifteen percent permanent partial disability to her back. The credible and convincing evidence in the record fails to establish whether the additional five percent permanent partial disability to the back plaintiff sustained subsequent to the November 19, 1991 surgery, is related to plaintiff's second lumbar laminectomy or the incident of September 5, 1992.
11. Although plaintiff returned to light duty work on March 23, 1992 at the same hourly pay rate she was receiving at the time of the injury she didn't work as many hours; however, the evidence of record is insufficient to compute the actual diminution of wages sustained by plaintiff. As a result of the injury by accident giving rise hereto, plaintiff was unable to earn the same wages she was earning at the time of her injury, from March 23, 1992 through May 26, 1992.
12. As a result of the injury by accident giving rise hereto, plaintiff was unable to earn any wages in any employment from May 27, 1992 to September 17, 1992. Plaintiff's inability to earn any wages at any employment beginning September 17, 1992, is not the result of the injury by accident giving rise hereto, but rather, is related to the September 5, 1992, incident which is not causally related to the injury by accident giving rise hereto.
13. As a result of the injury by accident giving rise hereto, plaintiff sustained a 10% permanent partial disability to her back.
14. Plaintiff sought approval for treatment by Thompson Medical Specialists, P. A. and Dr. Marchese from the Industrial Commission, at least by the time of the hearing of this case, which was within a reasonable period of time after she selected Thompson Medical Specialist, P. A. and Dr. Marchese.
15. The medical care and treatment provided by Thompson Medical Specialists, P.A. and Dr. Mark Marchese up to August 17, 1992, including the surgery of June 26, 1992, were necessary to effect a cure, give relief from, or tended to lessen the period of disability from, the injury by accident giving rise hereto.
16. The medical care and treatment plaintiff received from Dr. Marchese subsequent to August 17, 1992, and the Workplace were not necessary to effect a cure, or give relief from, nor tended to lessen the period of disability from, the injury by accident giving rise hereto.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. As a further result of plaintiff's compensable injury of September 1, 1991, plaintiff was temporarily partially disabled from March 23, 1992 to May 27, 1992 for which plaintiff is entitled to temporary partial disability compensation equal to 2/3 of the difference between her average weekly wage before the injury and the average weekly wage she earned during this period; and was temporarily totally disabled from May 27, 1992 to September 17, 1992, for which plaintiff is entitled to temporary total disability compensation at a rate of $190.87 per week. N.C.G.S. § 97-2(6); N.C.G.S. 97-29; N.C.G.S. § 97-30.
2. As a result of the injury by accident giving rise hereto, plaintiff sustained a 10% permanent partial disability to her back for which she is entitled to 30 weeks of compensation at the rate of $190.87 per week beginning September 17, 1992. N.C.G.S. § 97-31(23).
3. Inasmuch as plaintiff sought the approval of the North Carolina Industrial Commission within a reasonable period of time after she selected a physician of her own choosing; and inasmuch as plaintiff's surgery of June 26, 1992, and all medical treatment related thereto, by Thompson Medical Specialists, P. A. and Dr. Marchese up through August 17, 1992, were necessary to effect a cure of, give relief from, or tended to lessen the period of disability from the injury by accident giving rise hereto; defendants are responsible for the payment of all medical expenses incurred by plaintiff from Thompson Medical Specialists, P. A. and Dr. Mark Marchese up through August 17, 1992, for medical care and treatment which were necessary to effect a cure, give relief from, or tended to lessen the period of disability from, the injury by accident giving rise hereto. N.C.G.S. § 97-(19); N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall pay plaintiff, on account of her temporary partial disability from March 23, 1992 to May 27, 1992, compensation at a rate of 2/3 of the difference between her average weekly wage before the injury and the average weekly wage she earned during this period; and on account of her temporary total disability, compensation at a rate of $190.87 per week for the period beginning May 27, 1992 and ending September 17, 1992. As said compensation has accrued, it shall be paid in a lump sum without commutation, subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay plaintiff, on account of her permanent partial disability, compensation at a rate of $190.87 per week for 30 weeks. As said compensation has accrued, it shall be paid in a lump sum without commutation, subject to a reasonable attorney fee hereinafter approved.
3. A reasonable attorney fee in the amount of 25% of the compensation benefits which have accrued and are due under the above award is hereby approved, which amount shall be deducted from the accrued benefits due under the same award and forwarded directly to plaintiff's counsel.
4. Defendants shall pay all medical expenses, including those from Thompson Medical Specialists, P. A. and Dr. Marchese up through August 17, 1992, incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted through the carrier to the North Carolina Industrial Commission and thereafter approved by the Industrial Commission.
5. Defendants shall pay all costs including expert witness fees of $300.00 to Dr. H. Grey Winfield, III and $375.00 to Dr. Mark Marchese.
This case is ordered REMOVED from the Full Commission hearing docket.
This the __________ day of ______________________, 1995.
 S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ LAURA MAVRETIC DEPUTY COMMISSIONER
JHB/nwm 01/25/95